**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY LARKIN and DAG SAGFORS, Derivatively on Behalf of Nominal Defendant PEGASYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN TREFLER, PETER GYENES, RICHARD JONES, CHRISTOPHER LAFOND, DIANNE LEDINGHAM, SHARON ROWLANDS, LEON TREFLER, LARRY WEBER, KENNETH STILLWELL, DON SCHUERMAN, KERIM AKGONUL, AND BENJAMIN BARIL,<br><br>Defendants,<br><br>and<br><br>PEGASYSTEMS INC.,<br><br>Nominal Defendant. | Case No.: 1:25-cv-10303-WGY |

**STIPULATION AND ORDER OF DISMISSAL**
**WITH PREJUDICE AS TO ALL CLAIMS**

**WHEREAS,** on February 7, 2025, Plaintiffs Mary Larkin and Dag Sagfors ("Plaintiffs"), filed this action against Defendants Alan Trefler, Peter Gyenes, Richard Jones, Christopher Lafond, Dianne Ledingham, Sharon Rowlands, Leon Trefler, Larry Weber, Kenneth Stillwell, Don Schuerman, Kerim Akgonul, and Benjamin Baril (collectively, the "Individual Defendants"), and nominal defendant Pegasystems Inc. ("Pegasystems," together with the Individual Defendants, "Defendants") (Plaintiffs and Defendants are the "Parties"), alleging breaches of fiduciary duty, violations of the Securities Exchange Act of 1934, and unjust enrichment (the "Federal Action").

**WHEREAS**, the Federal Action is based on the same general allegations as a parallel shareholder derivative action brought by Robert Garfield, Jayne Birch, John Dwyer, and Ray Gerber, (collectively, the "State Plaintiffs") on behalf of nominal defendant Pegasystems, entitled *Dwyer et al. v. Trefler et al.*, Case No. 2484CV01734-BLS1 (the "State Action" and together with the "Federal Action," the "Actions"), in the Suffolk County Superior Court, Commonwealth of Massachusetts (the "State Court").

**WHEREAS,** on April 28, 2025, Defendants moved to dismiss the Complaint in the Federal Action. Plaintiffs filed their consolidated opposition to the motions on June 9, 2025; Defendants' replies were filed on June 29, 2025, and the motions were submitted to the Court for decision.

**WHEREAS,** on June 6, 2025, the State Plaintiffs moved to intervene and stay the Federal Action in favor of the State Action. Plaintiffs filed an opposition to the intervention motion on June 20, 2025, and the motion was submitted to the Court for decision.

**WHEREAS,** on August 21, 2025, Plaintiffs moved for leave to take limited discovery from the Demand Review Committee ("DRC") under Mass. Gen. Laws ch. 156D, § 7.44(d) ("Section 7.44(d)"). The motion was fully briefed and submitted to the Court for decision.

**WHEREAS,** on October 14, 2025, the Parties filed a Joint Notice of Developments in Related State Court Action (the "October 14 Joint Notice"), providing notice that, on October 2, 2025, the State Court entered a memorandum and order dismissing the State Action pursuant to M.G.L. c. 156D, § 7.44 and denying the State Plaintiffs' request for discovery pursuant to M.G.L. c. 156D, § 7.44(d) for lack of good cause ("State Dismissal Order").

**WHEREAS,** in the October 14 Joint Notice, the Parties requested additional time to submit a joint statement after the entry of judgment in the State Action setting forth their respective positions concerning the effect of the State Dismissal Order on the Federal Action, and requested that the Court delay issuing a decision on the pending motions until after such time.

**WHEREAS,** on December 17, 2025, to avoid the necessity for counsel to appear at periodic status conferences, this Court *sua sponte* entered an order for closure of the Federal Action, without entry of judgment, subject to the Parties' right to reopen the Federal Action on notice if required.

**WHEREAS,** on January 13, 2026, a final judgment of dismissal was entered in the State Action and docketed on January 14, 2026.

**WHEREAS,** on January 23, 2026, the parties in the State Action filed a joint motion to reopen the judgment under Rules 59 and 60 so the State Court could retain jurisdiction to consider approval of the Settlement defined below. The State Court took no action on the motion and set a 30-day deadline for the parties to the State Action to seek preliminary approval of the Settlement in State Court.

**WHEREAS,** the Parties, along with the State Plaintiffs, engaged in months of extensive arm's-length negotiations regarding a possible global resolution of the Actions, and following those negotiations, reached an agreement-in-principle to settle all derivative claims asserted in the Actions. On February 9, 2026, the Parties and the State Plaintiffs entered into a Stipulation of Settlement (the "Settlement") that, among other things, resolved the Parties' dispute and contemplated the dismissal with prejudice of the State Action and the Federal Action, and any appeals thereof. *See* Exhibit 1 (Stipulation of Settlement).

**WHEREAS,** on April 16, 2026, the State Court entered an Order Preliminarily Approving the Settlement and Providing Notice to Pegasystems stockholders. *See* Exhibit 2 (Preliminary Approval Order);

**WHEREAS,** Pegasystems notified shareholders of the settlement of both the State Action and Federal Action and no objections were received. *See* Exhibit 3 (Decl. Confirming Notice); Exhibit 4 (Decl. Confirming No Objections).

**WHEREAS**, the State Court entered an Order finally approving the Settlement and dismissing the State Action with prejudice ("Final Judgment"). *See* Exhibits 5 & 5.1 ("Final Order and Judgement").

**WHEREAS**, the terms of the Final Order and Judgment release the derivative claims that Plaintiffs assert in this Action upon the Effective Date of the Settlement.

**WHEREAS**, the Parties agreed to jointly seek dismissal of the Federal Action after the Final Order and Judgment was entered in the State Action.

**WHEREAS**, the Parties submit that notice of the dismissal of the Federal Action has already been provided, as Pegasystems shareholders were already provided notice of the settlement of both Actions, given the opportunity to object, informed that the Parties would seek dismissal of the Federal Action, and no shareholders objected.

**NOW THEREFORE**, subject to Court approval, in accordance with the Settlement and Final Order and Judgment, and pursuant to Rules 23.1(c) and 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the dismissal of all claims in the Federal Action with prejudice as evidenced by the signatures of counsel below, it specifically being understood and agreed that this Stipulation will dismiss all claims made by the parties, and each party will be responsible for its own attorneys' fees and costs related to this matter. *See, e.g.*, Stip. & Order to Dismiss Action with Prejudice, *Chiu v. Dipp*, No. 1:16-cv-11382-IT (D. Mass. July 5, 2023) (Exhibit 6) (dismissing derivative action in federal court by stipulation after dismissal of derivative action in state court asserting same general allegations and approval of global settlement by state court); *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 762 (2d Cir. 1968) (holding that state court determination that settlement of derivative action was fair and reasonable was binding on shareholder seeking to contest settlement of related derivative action in federal court); *see also Matsushita Elec. Ind. Co. v. Epstein*, 516 U.S. 367, 386 (1996) (state class action settlement

entitled to preclusive effect based on full faith and credit principles to bar federal claims under the Securities Exchange Act of 1934); *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." (quoting *Matsushita* 516 U.S. at 379)).

Dated: July 2, 2026

*Of Counsel for Plaintiff Mary Larkin:*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Vincent A. Licata
225 Broadway, Suite 3707
New York, NY 10007
(212) 201-7691
sdr@rl-legal.com
vl@rl-legal.com

**MATORIN LAW OFFICE, LLC**

*/s/ Mitchell J. Matorin*
Mitchell J. Matorin (BBO# 649304)
18 Grove Street, Suite 5
Wellesley, Massachusetts 02482
(781) 453-0100
mmatorin@matorinlaw.com
*Counsel for Plaintiff Mary Larkin*

*Of Counsel for Plaintiff Dag Sagfors:*

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
Marion Passmore
810 Seventh Avenue, Suite 620
New York, New York 10019
(212) 308-5858
eagel@bespc.com
passmore@bespc.com

**GRIFFIN HUMPHRIES LLC**
Badge Humphries
2113 Middle Street, Suite 305
Sullivan's Island, South Carolina 29482
(843) 883-7444
bhumphries@griffinhumphries.com

**ANDREWS DEVALERIO LLP**

*/s/ Daryl Andrews*
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO# 658523)
P.O. Box 67101
Chestnut Hill, Massachusetts 02467
(617) 999-6473
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com
*Counsel for Plaintiff Dag Sagfors*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Daniel W. Halston*
Daniel W. Halston (BBO # 548692)
Robert Kingsley Smith (BBO # 681914)
Erika M. Schutzman (BBO #646241)

Max Horvath (BBO # 709282)
60 State Street
Boston, MA 02109
(617) 526-6000
Daniel.Halston@wilmerhale.com
Robert.Smith@wilmerhale.com
Erika.Schutzman@wilmerhale.com
Max.Horvath@wilmerhale.com

*Attorneys for Defendants Alan Trefler, Peter Gyenes, Richard Jones, and Larry Weber, and Nominal Defendant Pegasystems Inc.*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

*/s/ John F. Sylvia*
John F. Sylvia (BBO # 555581)
One Financial Center
Boston, MA 02111 (617) 348-1820
jfsylvia@mintz.com
*Attorneys for Defendants Leon Trefler, Donald Schuerman, Kerim Akgonul, and Benjamin Baril*

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

*/s/ Ilan T. Graff*
Scott B. Luftglass (admitted pro hac vice)
Ilan T. Graff (BBO# 675630)
One New York Plaza
New York, New York 10004
(212) 859-8000
scott.luftglass@friedfrank.com
ilan.graff@friedfrank.com
*Attorneys for Defendants Christopher Lafond, Dianne Ledingham, and Sharon Rowlands*

**SO ORDERED.**

William G. Young
The Honorable William G. Young
United States District Judge

Dated: July 16, 2026